Wells Fargo Bank, N.A. v Kaul (2020 NY Slip Op 01204)





Wells Fargo Bank, N.A. v Kaul


2020 NY Slip Op 01204


Decided on February 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2017-04493
 (Index No. 25093/09)

[*1]Wells Fargo Bank, N.A., respondent, 
v
Anu Kaul, appellant, et al., defendants.


Petroff Amshen LLP, Brooklyn, NY (Serge Petroff, James Tierney, and Christopher Villanti of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Anu Kaul appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated March 13, 2017. The order, insofar as appealed from, in effect, granted the motion of nonparty Wilmington Savings Fund Society, FSB, to vacate an order of the same court (Richard Allman, Ct. Atty. Ref.), dated September 29, 2016, after a hearing to determine the validity of service, granting the motion of the defendant Anu Kaul to dismiss the complaint insofar as asserted against her on the ground of improper service, and pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon that defendant.
ORDERED that the order dated March 13, 2017, is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and the motion of nonparty Wilmington Savings Fund Society, FSB, to vacate the order dated September 29, 2016, and pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant Anu Kaul is denied.
On October 5, 2009, the plaintiff Wells Fargo Bank N.A. (hereinafter Wells Fargo), commenced this action against the defendant Anu Kaul (hereinafter the defendant), among others, to foreclose a consolidated mortgage encumbering certain real property located in Brooklyn. The defendant was purportedly served on October 10, 2009, by delivery of the summons and complaint to a person of suitable age and discretion at another address in Brooklyn, which was followed by first-class mailing. The defendant failed to appear or answer the complaint. In April 2010, Wells Fargo submitted an ex parte motion for an order of reference; however, one year later, that motion was withdrawn. While that motion was pending, in September 2010, the consolidated mortgage was assigned to TruCap Grantor Trust 2010-2 (hereinafter TruCap). In March 2012, TruCap moved for an order of reference and to be substituted as plaintiff, and that motion was denied in an order dated December 18, 2012. In August 2013, TrupCap filed a second motion seeking the same relief. Through a series of assignments, the consolidated mortgage was assigned to U.S. Bank, National Association (hereinafter U.S. Bank). Thereafter, in an order dated May 9, 2014, the Supreme Court granted TruCap's second motion for an order of reference and to be substituted as plaintiff.
In January 2016, more than one year after the order of reference had been issued, U.S. Bank moved for a judgment of foreclosure and sale. In February 2016, the defendant cross-moved to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction based on [*2]improper service of process. In the meantime, on January 13, 2016, the consolidated mortgage was assigned to nonparty Wilmington Savings Fund Society, FSB (hereinafter Wilmington). By order dated May 16, 2016, the Supreme Court referred the matter to a Special Referee for a hearing to determine the validity of service of process. After the hearing, which was held on September 29, 2016, the Special Referee issued an order that same date granting the defendant's cross motion to dismiss the complaint insofar as asserted against her on the ground that service had been improper.
In October 2016, Wilmington moved to vacate the order dated September 29, 2016, and pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant. The defendant opposed the motion. By order dated March 13, 2017, the Supreme Court, inter alia, in effect, granted Wilmington's motion. The defendant appeals.
As a threshold matter, we reject the defendant's contention that a motion pursuant to CPLR 306-b to extend the time for service made in a pending action must be denied as untimely if it is made subsequent to the issuance of an order granting a motion to dismiss (see State of New York Mortgage Agency v Braun, ___ AD3d ___, 2020 NY Slip Op 01107 [2d Dept 2020]). Turning to the merits, pursuant to CPLR 306-b, a court may extend the time for service "upon good cause shown or in the interest of justice." " Good cause' and interest of justice' are two separate and independent statutory standards" (BAC Home Loans Servicing, L.P. v Rogener, 171 AD3d 996, 998). "To establish good cause, a plaintiff must demonstrate reasonable diligence in attempting service" (Bumpus v New York City Tr. Auth., 66 AD3d 26, 31; see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105-106). Here, in support of its motion, Wilmington failed to offer any evidence demonstrating that Wells Fargo, its predecessor in interest, exercised reasonably diligent efforts in attempting to effect proper service upon the defendant, and thus failed to show good cause (see Nationstar Mtge., LLC v Wilson, 176 AD3d 1087, 1089; Wells Fargo Bank, NA v Barrella, 166 AD3d 711, 714; cf. Wilmington Sav. Fund Socy., FSB v James, 174 AD3d 835, 837-838).
Further, "[i]n deciding whether to grant a motion to extend the time for service in the interest of justice,' the court must carefully analyze the factual setting of the case and a balancing of the competing interests presented by the parties. Unlike an extension request premised on good cause, a plaintiff need not establish reasonably diligent efforts at service as a threshold matter. However, the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant'" (BAC Home Loans Servicing, L.P. v Rogener, 171 AD3d at 998, quoting Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106; Wells Fargo Bank, N.A. v Figueroa, 171 AD3d 987, 989). Here, Wilmington failed to establish its entitlement to an extension of time to serve the defendant in the interest of justice. Although Wilmington was on notice in February 2016—when the defendant cross-moved to dismiss the complaint based on improper service—that the October 2009 service was allegedly defective, Wilmington still waited until October 2016, which was more than eight months after the defendant's cross motion was made and one month after the Supreme Court held the hearing to determine the validity of service of process and issued the order granting the defendant's cross motion, to move for an extension of time to serve the defendant. In addition, although the statute of limitations had already expired when Wilmington moved to extend the time to serve, the record demonstrates that the delays in this action were attributable, in part, to a lack of diligence by Wilmington's predecessors in interest in prosecuting this action (see Nationstar Mtge., LLC v Wilson, 176 AD3d at 1090; BAC Home Loans Servicing, L.P. v Rogener, 171 AD3d at 999; Wells Fargo Bank, NA v Barrella, 166 AD3d at 714). Moreover, there is no indication in the record that the defendant had actual notice of the action within 120 days of its commencement. Under these circumstances, Wilmington failed to demonstrate that the interest of justice warrants an extension of time for service.
Accordingly, the Supreme Court improvidently exercised its discretion by, in effect, granting Wilmington's motion to vacate the order dated September 29, 2016, and to extend the time to serve the summons and complaint upon the defendant.
SCHEINKMAN, P.J., AUSTIN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court