HSBC Bank USA, N.A. v Lev (2020 NY Slip Op 02076)





HSBC Bank USA, N.A. v Lev


2020 NY Slip Op 02076


Decided on March 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2017-05274
 (Index No. 504810/15)

[*1]HSBC Bank USA, National Association, etc., appellant,
v
Charles S. Lev, respondent, et al., defendants.


Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas of counsel), for appellant.
Berg & David PLLC, Brooklyn, NY (Abraham David and Shane Wax of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated March 22, 2017. The order, insofar as appealed from, denied the plaintiff's motion to vacate an order of the same court dated May 4, 2016, granting the motion of the defendant Charles S. Lev, made jointly with the defendants David Lev and Malka Lev, to dismiss the complaint insofar as asserted against them, and pursuant to CPLR 306-b to extend the time to serve the defendant Charles S. Lev.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On or about September 13, 2006, the defendant Charles S. Lev (hereinafter Charles) executed a note in the amount of $390,000 secured by a mortgage signed by Charles and the defendants David Lev (hereinafter David) and Malka Lev (hereinafter Malka, together with David, the Lev defendants), encumbering certain real property in Brooklyn (hereinafter the subject property). On November 23, 2009, the mortgage was assigned to the plaintiff. Thereafter, on December 4, 2009, the plaintiff commenced an action against Charles and the Lev defendants, among others, to foreclose the mortgage, alleging that Charles defaulted on his monthly payments under the note in July 2009, and thereafter. Nearly three years later, in November 2012, the plaintiff moved, inter alia, for an order of reference. Charles and the Lev defendants cross-moved, inter alia, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them. In support of that motion, Charles submitted an affidavit wherein he averred that he had been residing in Israel since 1997, and was never served with the summons and complaint. In November 2014, the Supreme Court granted the plaintiff's motion to discontinue the action.
In April 2015, the plaintiff commenced this second foreclosure action against Charles and the Lev defendants, among others. The Lev defendants answered the complaint; however, the plaintiff rejected the answer as untimely. In November 2015, Charles and the Lev defendants moved, inter alia, to dismiss the complaint insofar as asserted against them, arguing, inter alia, that the court lacked personal jurisdiction over Charles pursuant to CPLR 3211(a)(8) due to the plaintiff's failure to serve him with process and that the complaint also must be dismissed insofar as asserted against the Lev defendants based upon the failure to join a necessary party. The plaintiff opposed [*2]the motion. The plaintiff subsequently cross-moved pursuant to CPLR 306-b to extend the time to serve Charles with the summons and complaint; however, the plaintiff withdrew its cross motion. In an order dated May 4, 2016, the Supreme Court granted the motion of Charles and the Lev defendants and directed dismissal of the action based upon the failure to join a necessary party, noting that "[t]he parties agree that Charles is a necessary party, lives in Israel, and was not served with the summons and complaint despite the passage of more than 120 days" (hereinafter the dismissal order).
In July 2016, the plaintiff moved to vacate the dismissal order and to extend the time to serve Charles pursuant to CPLR 306-b. Charles and the Lev defendants opposed the motion. By order dated March 22, 2017, the Supreme Court, inter alia, denied the plaintiff's motion. The plaintiff appeals, arguing, inter alia, that an extension of time to serve Charles and vacatur of the dismissal order was warranted in the interest of justice.
Generally, service of a summons and complaint must be made within 120 days after the commencement of the action (see CPLR 306-b). "If service is not made upon a defendant within the time provided in [CPLR 306-b], the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service" (CPLR 306-b). "To establish good cause, a plaintiff must demonstrate reasonable diligence in attempting service" (Bumpus v New York City Tr. Auth., 66 AD3d 26, 31; see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105-106). The interest of justice standard is a broader standard "to accommodate late service that might be due to mistake, confusion or oversight, so long as there is no prejudice to the defendant" (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105 [internal quotation marks omitted]; see Nationstar Mtge., LLC v Wilson, 176 AD3d 1087). "In deciding whether to grant a motion to extend the time for service in the interest of justice,' the court must carefully analyze the factual setting of the case and a balancing of the competing interests presented by the parties. Unlike an extension request premised on good cause, a plaintiff need not establish reasonably diligent efforts at service as a threshold matter. However, the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant'" (BAC Home Loans Servicing, L.P. v Rogener, 171 AD3d 996, 998, quoting Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106; see Wells Fargo Bank, N.A. v Figueroa, 171 AD3d 987, 989).
Here, the plaintiff failed to establish that an extension of time was warranted in the interest of justice. The plaintiff inexplicably failed to make any attempt to effectuate proper service upon Charles before the expiration of the 120-day period, notwithstanding that it was on notice in March 2013 that Charles had been living in Israel since 1997 and did not reside at the subject property. The record demonstrates that the plaintiff withdrew its cross motion pursuant to CPLR 306-b, and waited until July 2016 to make a second motion seeking an extension of time to serve Charles. The plaintiff's motion therefore was not made until eight months after Charles and the Lev defendants moved to dismiss the action, and nearly one year after the expiration of the 120-day service period. Thus, although the action was timely commenced and the statute of limitations had expired by the time the plaintiff moved for a second time to extend the time to serve—which are factors that militate in favor of granting an extension of time for service—those factors are outweighed by the lack of diligence by the plaintiff and the absence of any evidence in the record that Charles, who was living in Israel, had actual notice of the action within the 120-day service period, notwithstanding that the Lev defendants served an answer to the complaint (see Nationstar Mtge., LLC v Wilson, 176 AD3d 1087).
Moreover, inasmuch as the record demonstrates that the plaintiff did not default in opposing the prior motion of Charles and the Lev defendants seeking dismissal of the complaint insofar as asserted against them, CPLR 5015(a)(1) does not provide a basis upon which the plaintiff can rely to seek vacatur of the dismissal order.
The parties' remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to deny the plaintiff's motion to vacate the dismissal order and to extend the time to serve Charles with the summons and complaint pursuant to CPLR 306-b.
CHAMBERS, J.P., ROMAN, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court