Fink v Dollar Mart (2020 NY Slip Op 04826)





Fink v Dollar Mart


2020 NY Slip Op 04826


Decided on September 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
LEONARD B. AUSTIN
COLLEEN D. DUFFY, JJ.


2019-06246 
2019-10126
 (Index No. 604718/17)

[*1]Carol Fink, etc., appellant, 
v
Dollar Mart, respondent, et al., defendant.


Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren E. Bryant], of counsel), for appellant.
Bartlett LLP, White Plains, NY (David C. Zegarelli of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Jack L. Libert, J.), entered March 19, 2019, and (2) a judgment of the same court dated May 31, 2019. The order, after a hearing to determine the validity of service of process, granted the motion of the defendant Dollar Mart pursuant to CPLR 306-b and 3211(a) to dismiss the complaint insofar as asserted against it and denied the plaintiff's cross motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon that defendant. The judgment, upon the order, is in favor of the defendant Dollar Mart and against the plaintiff dismissing the complaint insofar as asserted against that defendant.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Dollar Mart.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
On May 24, 2014, Doris E. Glatthaar (hereinafter the decedent) allegedly was injured on premises leased by the defendant Dollar Mart and owned by the defendant Fokida Realty, Inc. (hereinafter Fokida), in Franklin Square, Nassau County. At some point thereafter, the decedent died. On or about May 12, 2016, the plaintiff, the decedent's daughter, was appointed administrator of the decedent's estate. On May 24, 2017, exactly three years after the alleged occurrence and more than one year after being appointed administrator, the plaintiff commenced this personal injury action against Dollar Mart and Fokida. On July 28, 2017, the plaintiff's process server purportedly served Dollar Mart at a store in Lynbrook, Nassau County, by delivering the summons and verified complaint to an authorized person. In February 2018, Dollar Mart's insurer received a copy of the summons and complaint from Fokida's counsel.
In May 2018, Dollar Mart moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against it for lack of personal jurisdiction and pursuant to CPLR 306-b for failure to serve the summons and complaint within 120 days after filing. The plaintiff cross-moved pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon Dollar Mart. After the Supreme Court conducted a hearing to determine the validity of service of process, it granted Dollar Mart's motion to dismiss the complaint insofar as asserted against it and denied the plaintiff's cross motion to extend the time to serve Dollar Mart. The transcript of the hearing was so-ordered by the court on March 8, 2019 and entered in the Nassau County Clerk's office on March 19, 2019. In a judgment dated May 31, 2019, the court dismissed the complaint insofar as asserted against Dollar Mart. The plaintiff appeals.
The Supreme Court providently exercised its discretion in denying the plaintiff's cross motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon Dollar Mart. As relevant here, CPLR 306-b requires that service of process be effected within 120 days of the commencement of the action (see CPLR 306-b; Bumpus v New York City Tr. Auth., 66 AD3d 26, 30). It provides, however, that "[i]f service is not made upon a defendant within the time provided in this section, the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service" (CPLR 306-b). "An extension of time for service is a matter within the court's discretion" (Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 101). A motion for an extension of time for service may be granted "upon good cause shown or in the interest of justice" (CPLR 306-b) which are "two separate and independent statutory standards" (Bumpus v New York City Tr. Auth., 66 AD3d at 31). "To establish good cause, a plaintiff must demonstrate reasonable diligence in attempting service" (id.; see Wells Fargo Bank, N.A. v Kaul, 180 AD3d 956, 958).
"If good cause for an extension is not established, courts must consider the broader interest of justice standard of CPLR 306-b" (State of New York Mtge. Agency v Braun, 182 AD3d 63, 66). In considering the interest of justice standard, the court must analyze the factual setting and the parties' competing interests (see Wells Fargo Bank, N.A. v Kaul, 180 AD3d at 958). It may also consider " diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant'" (State of New York Mtge. Agency v Braun, 182 AD3d at 66-67, quoting Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106).
Here, the plaintiff does not argue the good cause prong of CPLR 306-b. Instead, she contends that an extension of time to serve Dollar Mart should have been granted in the interest of justice. Contrary to the plaintiff's contention, however, she failed to establish that an extension of time to serve Dollar Mart was warranted in the interest of justice (see CPLR 306-b; Leader v Maroney, Ponzini & Spencer, 97 NY2d at 104; Butters v Payne, 176 AD3d 1028, 1029). The plaintiff exhibited an overall lack of diligence in prosecuting the action. The plaintiff was not appointed administrator until two years after the occurrence and did not commence the action until one year later, on the last day within the statute of limitations (see CPLR 214[5]). In addition, the plaintiff failed to establish a potentially meritorious cause of action (see Deutsche Bank Natl. Trust Co. v Campbell, 172 AD3d 1310, 1312; Jacobsen v S & F Serv. Ctr. Co., Inc., 131 AD3d 450, 452) and failed to rebut the evidence that Dollar Mart did not learn of the action until several months after the statute of limitations had expired. Finally, Dollar Mart clearly suffered prejudice from the plaintiff's extreme lack of diligence and long delays (see Butters v Payne, 176 AD3d at 1029).
Accordingly, we agree with the Supreme Court's determination to deny the plaintiff's cross motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon Dollar Mart and to grant Dollar Mart's motion pursuant to CPLR 306-b and 3211(a)(8) to dismiss the complaint insofar as asserted against it.
DILLON, J.P., BALKIN, AUSTIN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court