Federal Natl. Mtge. Assn. v Cassis (2020 NY Slip Op 06103)





Federal Natl. Mtge. Assn. v Cassis


2020 NY Slip Op 06103


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-01983
 (Index No. 26003/09)

[*1]Federal National Mortgage Association, respondent,
v
Madeleine Cassis, appellant, et al, defendants.


Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellant.
Shapiro, DiCaro & Barak, LLC, Rochester, NY (Ellis M. Oster of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Madeleine Cassis appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated October 23, 2017. The order granted the plaintiff's motion pursuant to CPLR 306-b to extend its time to serve the defendant Madeleine Cassis with the summons and complaint.
ORDERED that the order is reversed, on the law, on the facts, and in the exercise of discretion, with costs, and the plaintiff's motion pursuant to CPLR 306-b to extend its time to serve the defendant Madeleine Cassis with the summons and complaint is denied.
In October 2009, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Madeleine Cassis. The affidavit of service asserted that Cassis was served on October 22, 2009, at a certain address at Avenue O in Brooklyn by affixing a copy of the summons and complaint to the door of the premises, and by mailing a copy of the same. The portion of the affidavit which would indicate whether the premises were the recipient's actual place of business or dwelling house was left blank. The affidavit indicated that the address was verified by a "neighbor" with an address on Avenue J in Brooklyn.
Cassis did not answer the complaint. Nonetheless, she appeared at mandatory settlement conferences pursuant to CPLR 3408 before a special referee, beginning on April 22, 2010. Over the course of nearly three years, settlement resolution was hindered because the plaintiff, inter alia, repeatedly requested duplicate documents from Cassis, failed to review the same, sent per diem counsel who lacked knowledge or authority to enter into a modification agreement, and failed to produce the documents required of it. In a decision dated March 18, 2013, the special referee found, among other things, that the plaintiff had violated the guidelines of the federal Home Affordable Modification Program, and the plaintiff failed to negotiate an affordable settlement in good faith. The special referee recommended dismissal with prejudice or the tolling of all interest and sanctions against the plaintiff. The record on appeal does not reveal what action, if any, was taken on the special referee's recommendations.
Two-and-a-half years later, in about September 2015, the plaintiff moved for an order of reference. Cassis cross-moved to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction on the ground that she was not properly served in the action. The Supreme Court held the motions in abeyance and referred the matter to another special referee to hear and report on whether or not service of process was effectuated upon Cassis. After a hearing, in a decision dated March 23, 2017, the special referee found that the plaintiff failed to prove by a preponderance of the evidence that Cassis was served with process pursuant to CPLR 308(4). The special referee noted, among other things, that the affidavit of service indicated that the process server had verified Cassis's address with a "neighbor," but the address of the purported neighbor was "a great distance" from the service address. Highlighting the facial deficiency on the affidavit concerning whether the address was an actual place of business or dwelling place, the special referee found that the process server gave no description as to the address where he allegedly served the defendant, or the door on which he purportedly affixed the summons and the complaint. The special referee also found that the process server failed to testify that he personally mailed the summons and complaint.
By notice of motion dated April 17, 2017, the plaintiff moved pursuant to CPLR 306-b to extend its time to serve Cassis with the summons and complaint, arguing that it had diligently attempted to serve Cassis, it had promptly moved for leave to extend its time for service upon her, it had set forth a meritorious cause of action, and the plaintiff would otherwise be prejudiced since the statute of limitations had run. Cassis opposed the motion. In an order dated October 23, 2017, the Supreme Court granted the motion in the interest of justice. Cassis appeals.
Under the circumstances of this case, the Supreme Court improvidently exercised its discretion in granting the plaintiff's motion pursuant to CPLR 306-b for leave to extend the time to serve Cassis with the summons and complaint.
Generally, service of a summons and complaint must be made within 120 days after the commencement of the action (see CPLR 306-b). "If service is not made upon a defendant within the time provided in [CPLR 306-b], the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service" (CPLR 306-b). "Good cause" and "interest of justice" are two separate and independent statutory standards (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104; Bumpus v New York City Tr. Auth., 66 AD3d 26, 31).
To establish "good cause," a plaintiff must demonstrate reasonable diligence in attempting service (see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106; Bumpus v New York City Tr. Auth., 66 AD3d at 31). Here, in support of its motion, the plaintiff failed to offer any evidence demonstrating that it exercised reasonably diligent efforts in attempting to effectuate proper service upon Cassis, and thus failed to show good cause (see Wells Fargo Bank, N.A. v Kaul, 180 AD3d 956, 958; Nationstar Mtge., LLC v Wilson, 176 AD3d 1087, 1089; Wells Fargo Bank, NA v Barrella, 166 AD3d 711, 714).
The interest of justice standard is a broader standard "to accommodate late service that might be due to mistake, confusion or oversight, so long as there is no prejudice to the defendant" (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105 [internal quotation marks omitted]; see Nationstar Mtge., LLC v Wilson, 176 AD3d at 1089). In deciding whether to grant a motion to extend the time for service "in the interest of justice," the court must carefully analyze "the factual setting of the case and a balancing of the competing interests presented by the parties. Unlike an extension request premised on good cause, a plaintiff need not establish reasonably diligent efforts at service as a threshold matter. However, the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106; see HSBC Bank USA, N.A. v Lev, 181 AD3d 938, 940; BAC Home Loans Servicing, L.P. v Rogener, 171 AD3d 996, 998).
Here, the plaintiff failed to establish that an extension of time was warranted in the interest of justice. When Cassis cross-moved to dismiss the complaint insofar as asserted against her, the plaintiff was put on notice that the service was allegedly defective. Despite that notice, and despite the fact that the affidavit of service contained a defect on its face, the plaintiff waited until more than one year later, until after the hearing to determine the validity of service of process had been conducted, to move for an extension of time to serve Cassis (see Wells Fargo Bank, N.A. v Kaul, 180 AD3d at 959; Nationstar Mtge., LLC v Wilson, 176 AD3d at 1090; Wells Fargo Bank, N.A. v Barrella, 166 AD3d at 714). In addition, although the statute of limitations had expired by the time the plaintiff made the instant motion, the record demonstrates that the delays in this action were attributable in large part to the plaintiff's failure to negotiate a settlement in good faith and the plaintiff's delays in prosecuting the action (see Wells Fargo Bank, N.A. v Kaul, 180 AD3d at 959; BAC Home Loans Servicing, L.P. v Rogener, 171 AD3d 996, 999). Further, although the plaintiff alleged that it had a meritorious cause of action, the only evidence concerning the alleged default on the loan was improperly submitted for the first time in reply and, therefore, should not have been considered (see Williams v St. John's Episcopal Hosp., 173 AD3d 1117, 1120). Moreover, while the record establishes that although Cassis appeared at a mandatory settlement conference approximately 180 days after this action was commenced, the plaintiff submitted no evidence that Cassis had actual notice of the action against her within the 120-day service period (see HSBC Bank USA, N.A. v Lev, 181 AD3d 938; Wells Fargo Bank, N.A. v Kaul, 180 AD3d at 959).
In light of our determination, we do not reach Cassis's remaining contention.
Accordingly, the Supreme Court should have denied the plaintiff's motion pursuant to CPLR 306-b to extend its time to service Cassis with the summons and complaint.
MASTRO, J.P., COHEN, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court