Wells Fargo Bank, N.A. v Barasch (2020 NY Slip Op 06579)





Wells Fargo Bank, N.A. v Barasch


2020 NY Slip Op 06579


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-05162
2017-05683
 (Index No. 61855/15)

[*1]Wells Fargo Bank, National Association, etc., appellant, 
v
Mark Barasch, et al., respondents, et al, defendants.


McCabe, Weisberg & Conway, LLC (Greenberg Traurig LLP, New York, NY [Daniel R. Milstein]), of counsel, for appellant.
Mark Barasch, Pound Ridge, NY, respondent pro se.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Lawrence H. Ecker, J.), dated April 3, 2017, and (2) an order of the same court (Nicholas Colabella, J.H.O.) dated April 10, 2017. The order dated April 3, 2017, after a hearing to determine the validity of service of process, granted that branch of the motion of the defendants Mark Barasch and Ellen Barasch which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them. In the order dated April 10, 2017, the court declined to sign an order to show cause submitted by the plaintiff.
ORDERED that the appeal from the order dated April 10, 2017, is dismissed, as no appeal lies from an order issued ex parte (see CPLR 5704; Goldstein v Khurshid, 180 AD3d 876); and it is further,
ORDERED that the order dated April 3, 2017, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Mark Barasch.
On July 7, 2015, the plaintiff commenced this action to foreclose a mortgage encumbering certain residential real property owned by the defendants Mark Barasch and Ellen Barasch (hereinafter together the defendants). The defendants moved, inter alia, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them on the ground of lack of personal jurisdiction. After a hearing to determine the validity of service of process, the Supreme Court granted that branch of the motion. The plaintiff appeals.
We agree with the Supreme Court's determination granting that branch of the defendants' motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them on the ground of lack of personal jurisdiction.
"'The plaintiff bears the ultimate burden of proving by a preponderance of the evidence that jurisdiction over the defendant was obtained by proper service of process'" (Deutsche [*2]Bank Natl. Trust Co. v Vilfranc, 157 AD3d 766, 766, quoting Bankers Trust Co. of Cal. v Tsoukas, 303 AD2d 343, 343). "'In reviewing a determination made after a hearing, this Court's authority is as broad as that of the hearing court, and this Court may render the determination it finds warranted by the facts, taking into account that in a close case, the hearing court had the advantage of seeing the witnesses'" (Deutsche Bank Natl. Trust Co. v Vilfranc, 157 AD3d at 767, quoting Deutsche Bank Natl. Trust Co. v Gordon, 129 AD3d 769, 769).
Here, we find no basis to disturb the Supreme Court's determination based upon its assessment of the credibility of the witnesses, that the plaintiff failed to meet its burden and that service was not properly effected upon the defendants (see Deutsche Bank Natl. Trust Co. v Vilfranc, 157 AD3d at 767; Deutsche Bank Natl. Trust Co. v Gordon, 129 AD3d at 769).
The plaintiff's remaining contention is not properly before this Court.
DILLON, J.P., MALTESE, BARROS and CONNOLLY, JJ., concur.

2017-05162 DECISION & ORDER ON MOTION
2017-05683
Wells Fargo Bank, National Association, appellant,
v Mark Barasch, et al., respondents.
(Index No. 61855/15)

Motion by the respondents to dismiss an appeal from an order of the Supreme Court, Westchester County, dated April 10, 2017, on the ground that no appeal lies as of right from an order that is not the result of a motion made on notice and leave to appeal has not been granted. By decision and order on motion of this Court dated April 10, 2018, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the motion is denied as academic in light of our determination on the appeal from the order dated April 10, 2017.
DILLON, J.P., MALTESE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court