Druss v Scher (2025 NY Slip Op 02318)

Druss v Scher

2025 NY Slip Op 02318

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2021-09456
 (Index No. 32166/20)

[*1]Stacey Druss, respondent, 
v
Mark Scher, et al., appellants.

Sholes & Miller, PLLC, Fishkill, NY (Ellen A. Fischer of counsel), for appellants.

DECISION & ORDER
In an action, inter alia, to recover damages for false imprisonment and medical malpractice, the defendants appeal from an order of the Supreme Court, Rockland County (Thomas P. Zugibe, J.), dated November 15, 2021. The order, after a hearing to determine the validity of service of process upon the defendant Mark Scher, in effect, granted the plaintiff's motion pursuant to CPLR 306-b to extend the time to serve that defendant with the summons and complaint and, in effect, denied, as academic, that branch of the defendants' cross-motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against the defendant Mark Scher for lack of personal jurisdiction.
ORDERED that the appeal by the defendants Amanda F. Banks and Montefiore Nyack Hospital from so much of the order as, in effect, granted the plaintiff's motion pursuant to CPLR 306-b to extend the time to serve the defendant Mark Scher with the summons and complaint is dismissed, as those defendants are not aggrieved by that portion of the order (see CPLR 5511); and it is further,
ORDERED that the order is reversed on the appeal by the defendant Mark Scher and insofar as reviewed on the appeal by the defendants Amanda F. Banks and Montefiore Nyack Hospital, on the facts and in the exercise of discretion, the plaintiff's motion pursuant to CPLR 306-b to extend the time to serve the defendant Mark Scher with the summons and complaint is denied, and that branch of the defendants' cross-motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against the defendant Mark Scher for lack of personal jurisdiction is granted; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
On June 10, 2020, the plaintiff commenced this action against the defendants, inter alia, to recover damages for false imprisonment and medical malpractice. The plaintiff alleged, among other things, that the defendant Mark Scher, a psychiatrist, wrongfully caused her to be involuntarily admitted to a psychiatric unit of the defendant Montefiore Nyack Hospital.
In April 2021, the plaintiff moved, inter alia, for leave to enter a default judgment against Scher, who failed to interpose an answer. The defendants cross-moved, among other things, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against Scher, contending that he had not been properly served with the summons and complaint. In an order dated July 15, [*2]2021, the Supreme Court, inter alia, denied that branch of the plaintiff's motion and directed a hearing to determine the validity of service of process upon Scher.
On Saturday, September 25, 2021, the plaintiff moved pursuant to CPLR 306-b to extend the time to serve Scher with the summons and complaint. On September 28, 2021, the hearing to determine the validity of service of process upon Scher was held. By order dated November 15, 2021, the Supreme Court, in effect, granted the plaintiff's motion and extended the time to effectuate service upon Scher to 30 days from the date of the order. In addition, the court, which found that Scher had not been properly served with the summons and complaint, in effect, denied, as academic, that branch of the defendants' cross-motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against Scher for lack of personal jurisdiction. This appeal ensued.
Pursuant to CPLR 306-b, a plaintiff is required to serve the summons and complaint within 120 days after commencement of the action. If service of the summons and complaint is not made upon the defendant within that time, "the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service" (id.; see Quinones v Z & B Trucking, Inc., 220 AD3d 903). "To establish good cause, a plaintiff must demonstrate reasonable diligence in attempting service" (Bumpus v New York City Tr. Auth., 66 AD3d 26, 31; see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105-106). Such a showing is not required to obtain an extension of time under the interest of justice standard, which is a broader standard intended to "'accommodate late service that might be due to mistake, confusion or oversight, so long as there is no prejudice to the defendant'" (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105, quoting NY St Bar Assn Comm on Civ Prac Law & Rules, Legis Rep, Bill Jacket, L 1997, ch 476 at 14; see Nationstar Mtge., LLC v Wilson, 176 AD3d 1087, 1089). "The interest of justice standard requires a careful judicial analysis of the factual setting of the case and a balancing of the competing interests presented by the parties" (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105; see Nationstar Mtge., LLC v Wilson, 176 AD3d at 1089). In reaching its determination, "the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106; see Nationstar Mtge., LLC v Wilson, 176 AD3d at 1089).
Here, the plaintiff failed to establish good cause to extend the time to serve Scher, as no evidence was offered that she attempted to serve him with reasonable diligence. Further, contrary to the Supreme Court's determination, the plaintiff failed to establish that an extension of time to serve Scher was warranted in the interest of justice. The plaintiff failed to offer any explanation for the eight-month delay in filing the affidavit of service, the delay in moving, among other things, for leave to enter a default judgment against Scher, and the four-month delay in moving to extend the time to serve Scher after the defendants had cross-moved, inter alia, to dismiss the complaint insofar as asserted against Scher for lack of personal jurisdiction. There is no evidence in the record that Scher had notice of the action during the 120-day period after the commencement of the action (see HSBC Bank USA, N.A. v Lev, 181 AD3d 938, 941).
While the expiration of the statute of limitations by the time the plaintiff moved to extend the time to serve Scher is a factor that weighs in the plaintiff's favor, that factor was outweighed by other factors, most notably, the plaintiff's overall lack of diligence (see US Bank N.A. v Fink, 206 AD3d 858, 861; HSBC Bank USA, N.A. v Lev, 181 AD3d at 941; Nationstar Mtge., LLC v Wilson, 176 AD3d at 1089). The Supreme Court, therefore, should have denied the plaintiff's motion pursuant to CPLR 306-b to extend the time to serve Scher with the summons and complaint and granted that branch of the defendants' cross-motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against Scher for lack of personal jurisdiction (see US Bank N.A. v Fink, 206 AD3d at 861; Nationstar Mtge., LLC v Wilson, 176 AD3d at 1090).
DILLON, J.P., DOWLING, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court