Rosen v S&M Kings Borough Corp. (2025 NY Slip Op 03350)

Rosen v S&M Kings Borough Corp.

2025 NY Slip Op 03350

Decided on June 4, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 4, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2023-10937
 (Index No. 66536/21)

[*1]Alexandra. Rosen, respondent, 
v
S & M Kings Borough Corp., appellant, et al., defendant.

Barket Epstein Kearon Aldea & Loturco, LLP, Garden City, NY (Alexander R. Klein and Donna Aldea of counsel), for appellant.
Habba Madaio & Associates, New York, NY (Michael T. Madaio of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant S & M Kings Borough Corp. appeals from an order of the Supreme Court, Westchester County (Alexandra D. Murphy, J.), dated July 25, 2023. The order, insofar as appealed from, (1) denied those branches of that defendant's motion which were pursuant to CPLR 5015(a)(4) to vacate so much of a judgment of the same court dated February 9, 2023, as, upon that defendant's failure to appear or answer the complaint, was in favor of the plaintiff and against that defendant, and to dismiss the complaint insofar as asserted against it, and (2) granted the plaintiff's application pursuant to CPLR 306-b to deem service of the summons and complaint upon that defendant timely, nunc pro tunc.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as granted the plaintiff's application pursuant to CPLR 306-b to deem service of the summons and complaint upon the defendant S & M Kings Borough Corp. timely, nunc pro tunc, is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed insofar as appealed from, with costs.
Pursuant to CPLR 306-b, a court may, in the exercise of its sound discretion, grant a motion for an extension of time within which to effect service or deem service of the summons and complaint timely, nunc pro tunc, for good cause shown or in the interest of justice (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95; Bumpus v New York City Tr. Auth., 66 AD3d 26). Good cause requires a showing of reasonable diligence in attempting to effect service (see Fink v Dollar Mart, 186 AD3d 1197, 1198; Bumpus v New York City Tr. Auth., 66 AD3d at 31-32). "An extension of time for service is a matter within the court's discretion" (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 101; see U.S. Bank, N.A. v Faracco, 204 AD3d 953, 954).
Contrary to the contention of the defendant S & M Kings Borough Corp. (hereinafter the defendant), the plaintiff's submissions established the requisite reasonable diligence to warrant the granting of an application to deem service of the summons and complaint upon the defendant timely, nunc pro tunc, for good cause (see Wells Fargo Bank, NA v Burshstein, 172 AD3d 1437, [*2]1440; Thompson v City of New York, 89 AD3d 1011, 1012).
Accordingly, the Supreme Court providently exercised its discretion in granting the plaintiff's application pursuant to CPLR 306-b to deem service of the summons and complaint upon the defendant timely, nunc pro tunc, and concomitantly denying those branches of the defendant's motion which were pursuant to CPLR 5015(a)(4) to vacate so much of the judgment dated February 9, 2023, as, upon the defendant's failure to appear or answer the complaint, was in favor of the plaintiff and against the defendant, and to dismiss the complaint insofar as asserted against it.
DUFFY, J.P., MILLER, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court