Rhoe v Reid (2025 NY Slip Op 04117)

Rhoe v Reid

2025 NY Slip Op 04117

Decided on July 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2022-10486
2022-10489
 (Index Nos. 601531/14, 6328/14)

[*1]Sheryl Rhoe, plaintiff,
v
Patricia Reid, et al., defendants. (Action No. 1)
Bank of New York Mellon Trust Company, N.A., etc., appellant,
v Patricia Reid, et al., respondents, et al., defendant. (Action No. 2)

Roach & Lin, P.C., Syosset, NY (Edward Rugino of counsel), for appellant.
David J. Broderick LLC, Forest Hills, NY for respondent Sheryl Rhoe, sued in Action No. 2 as John Doe #1.

DECISION & ORDER
In an action to recover damages for conversion and fraud (Action No. 1) and a related action to foreclose a mortgage (Action No. 2), the plaintiff in Action No. 2, Bank of New York Mellon Trust Company, N.A., appeals from (1) an order of the Supreme Court, Nassau County (Ute Wolff Lally, J.H.O.), entered January 17, 2020, and (2) an order of the same court (David P. Sullivan, J.) entered October 13, 2022. The order entered January 17, 2020, after a hearing to determine the validity of service of process in Action No. 2 upon Patricia Reid, a defendant in Actions No. 1 and 2, in effect, (1) denied that branch of the motion of Bank of New York Mellon Trust Company, N.A., which was for leave to enter a default judgment against Patricia Reid in Action No. 2, (2) granted the application of Patricia Reid to dismiss the complaint in Action No. 2 insofar as asserted against her for lack of personal jurisdiction, and (3) granted the application of Sheryl Rhoe, the plaintiff in Action No. 1 and sued in Action No. 2 as John Doe #1, pursuant to CPLR 1001 and 3211(a)(10) and RPAPL 1311 to dismiss the complaint in Action No. 2 insofar as asserted against the remaining defendants in Action No. 2. The order entered October 13, 2022, denied the motion of Bank of New York Mellon Trust Company, N.A., inter alia, pursuant to CPLR 306-b to extend the time to serve Patricia Reid with the summons and complaint in Action No. 2.
ORDERED that the notice of appeal from so much of the order entered January 17, 2020, as, in effect, granted the application of Patricia Reid to dismiss the complaint in Action No. 2 insofar as asserted against her for lack of personal jurisdiction and granted the application of Sheryl Rhoe pursuant to CPLR 1001 and 3211(a)(10) and RPAPL 1311 to dismiss the complaint in Action No. 2 insofar as asserted against the remaining defendants in Action No. 2, is deemed an application for leave to appeal from those portions of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order entered January 17, 2020, is affirmed, without costs or disbursements; and it is further,
ORDERED that the order entered October 13, 2022, is modified, on the law and the facts, by deleting the provision thereof denying that branch of the motion of Bank of New York Mellon Trust Company, N.A., which was pursuant to CPLR 306-b to extend the time to serve Patricia Reid with the summons and complaint in Action No. 2, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
On a prior appeal, this Court, among other things, remitted the matter for a hearing to determine whether Patricia Reid (hereinafter the borrower) was properly served with the summons and complaint in an action to foreclose a mortgage (hereinafter the mortgage foreclosure action) pursuant to CPLR 308(2) and thereafter, a new determination of that branch of the motion of Bank of New York Mellon Trust Company, N.A. (hereinafter the Bank of New York) which was for leave to enter a default judgment against the borrower in that action (see Rhoe v Reid, 166 AD3d 919, 920). At the ensuing hearing, the Bank of New York's process server testified that service was effectuated upon the borrower pursuant to CPLR 308(2) by serving Sheryl Rhoe, a person of suitable age and discretion, at the mortgaged premises and mailing a copy of the summons and complaint in the mortgage foreclosure action to the premises the following day. However, Rhoe testified that she answered the door at the premises but told the process server that the borrower did not live there and that she would not accept process on the borrower's behalf. Rhoe also testified that she handed the summons and complaint back to the process server, who accepted it. At the conclusion of the hearing, the Supreme Court credited Rhoe's testimony and determined that the mortgaged premises was neither the usual place of dwelling and abode nor the actual place of business of the borrower and, consequently, that the Bank of New York had failed to sustain its burden of establishing that the borrower was properly served.
By order entered January 17, 2020, the Supreme Court, in effect, denied that branch of the Bank of New York's motion which was for leave to enter a default judgment against the borrower in the mortgage foreclosure action and granted the respective applications of the borrower and Rhoe, made during the hearing, respectively, to dismiss the complaint in the mortgage foreclosure action insofar as asserted against the borrower for lack of personal jurisdiction and pursuant to CPLR 1001 and 3211(a)(10) and RPAPL 1311 to dismiss the complaint in the mortgage foreclosure action insofar as asserted against the remaining defendants in that action.
The Bank of New York subsequently moved, inter alia, pursuant to CPLR 306-b to extend the time to serve the borrower with the summons and complaint in the mortgage foreclosure action. Although Rhoe opposed the motion, the borrower submitted no opposition. By order entered October 13, 2022, the Supreme Court denied the Bank of New York's motion. The Bank of New York appeals from the orders entered January 17, 2020, and October 13, 2022.
Service of process under CPLR 308(2), which is at issue here, requires that the summons be delivered within the state to a person of suitable age and discretion at the defendant's "actual place of business, dwelling place or usual place of abode," along with a mailing of the summons to the defendant's last known residence or actual place of business. Personal jurisdiction is not acquired absent compliance with both the delivery and mailing requirements of the statute (see Everbank v Kelly, 203 AD3d 138, 142-143). "[S]ervice 'is invalid if the service address is not, in fact, the defendant's actual place of business, dwelling place, or usual place of abode'" (Hudson Val. Bank, N.A. v Eagle Trading, 208 AD3d 648, 649-650, quoting Everbank v Kelly, 203 AD3d at 147). "At a hearing to determine the validity of service, the burden of proving the existence of personal jurisdiction is on the party asserting it, and that party must sustain that burden by a preponderance of the credible evidence" (Federal Natl. Mtge. Assn. v Smith, 219 AD3d 938, 941 [internal quotation marks omitted]). Credibility determinations rendered by the Supreme Court as to the witnesses who have testified are entitled to great deference on appeal (see Everbank v Kelly, 203 AD3d at 142-143).
We discern no basis to disturb the Supreme Court's determination to credit Rhoe's [*2]testimony over that of the process server (see U.S. Bank N.A. v Aoudou, 189 AD3d 1301, 1303; Wells Fargo Bank, N.A. v Barasch, 188 AD3d 955, 956; Bank of Am., N.A. v Genzler, 188 AD3d 634, 636; Grand Pac. Mtge. Corp. v Pietranski, 175 AD3d 1503, 1505). Accordingly, the court properly, in effect, denied that branch of the Bank of New York's motion which was for leave to enter a default judgment against the borrower in the mortgage foreclosure action.
Further, once the complaint in the mortgage foreclosure action was dismissed insofar as asserted against the borrower, the fee owner of the mortgaged premises, for lack of personal jurisdiction (see Williams v St. John's Episcopal Hosp., 173 AD3d 1117, 1120), the Bank of New York could not continue the mortgage foreclosure action against the other defendants in that action (see RPAPL 1311[1]; CPLR 1001, 1003; LaSalle Bank N.A. v Benjamin, 164 AD3d 1223, 1225; Polish Natl. Alliance of Brooklyn v White Eagle Hall Co., 98 AD2d 400, 406). Therefore, the Supreme Court properly, in effect, granted Rhoe's application pursuant to CPLR 1001 and 3211(a)(10) and RPAPL 1311 to dismiss the complaint in the mortgage foreclosure action insofar as asserted against the remaining defendants in that action.
However, the Supreme Court should have granted that branch of the Bank of New York's motion which was pursuant to CPLR 306-b to extend the time to serve the borrower with the summons and complaint in the mortgage foreclosure action. Pursuant to CPLR 306-b, a court may extend the time for service "upon good cause shown or in the interest of justice."
On appeal, the Bank of New York does not contend that it established good cause to extend its time to serve the borrower with the summons and complaint in the mortgage foreclosure action. Rather, the Bank of New York solely contends that it should have been granted an extension of time in the interest of justice.
"If good cause for an extension is not established, the court must consider the broader interest of justice standard of CPLR 306-b" (Wells Fargo Bank, N.A. v Ciafone, 188 AD3d 957, 958). "Th[is] more flexible . . . standard accommodates late service that might be due to mistake, confusion, or oversight, so long as there is no prejudice to the defendant" (U.S. Bank N.A. v Bindra, 217 AD3d 719, 720). "[I]n deciding whether to grant a motion to extend the time for service in the interest of justice, the court must carefully analyze the factual setting of the case and a balancing of the competing interests presented by the parties" (Wells Fargo Bank, N.A. v Kaul, 180 AD3d 956, 958 [internal quotation marks omitted]). In contrast to the good cause standard, "the interest of justice . . . standard . . . does not require a showing of [reasonable diligence], and [instead] permits the court to consider many factors" (Feng Li v Peng, 190 AD3d 950, 952; see HSBC Bank USA, N.A. v Labin, 232 AD3d 861, 864). The court "may consider diligence," however, "along with other factors, including the expiration of the statute of limitations, the meritorious nature of the action, the length of delay in service, the promptness of a request by the plaintiff for an extension, and prejudice to the defendant" (Wilmington Sav. Fund Socy., FSB v James, 174 AD3d 835, 837 [internal quotation marks omitted]). "No one factor is determinative" (Wells Fargo Bank, NA v Barrella, 166 AD3d 711, 713 [internal quotation marks omitted]; see HSBC Bank USA, N.A. v Labin, 232 AD3d at 864).
The extension afforded by CPLR 306-b is applicable where, as here, service is timely made within the 120-day period but is subsequently found to have been defective (see Earle v Valente, 302 AD2d 353, 353).
Preliminarily, we note that no judgment dismissing the complaint in the mortgage foreclosure action on the ground of lack of personal jurisdiction was entered and, thus, that action was pending when the Bank of New York moved, inter alia, to extend the time to serve the borrower (see HSBC Bank USA, N.A. v Rubin, 210 AD3d 73, 77, 79) such that the Bank of New York was not foreclosed from seeking such relief (see Bayview Loan Servicing, LLC v Chaudhury, 188 AD3d 1128, 1129). Thus, that branch of the Bank of New York's motion which was for an extension of time to serve the borrower with the summons and complaint in the mortgage foreclosure action in the interest of justice should not have been denied without consideration of its merits (see State of [*3]New York Mtge. Agency v Braun, 182 AD3d 63, 64).
On this record, an extension of time was warranted in the interest of justice (see Bayview Loan Servicing, LLC v Chaudhury, 188 AD3d at 1129; State of New York Mtge. Agency v Braun, 182 AD3d at 64; Jhang v Nassau Univ. Med. Ctr., 140 AD3d 1018, 1019; Earle v Valente, 302 AD2d at 353). The Bank of New York demonstrated that a potentially meritorious cause of action to foreclose the mortgage existed. The Bank of New York also demonstrated that while it timely commenced the mortgage foreclosure action, the statute of limitations had expired by the time it moved to extend the time for service, that the timely service of process was subsequently found to have been defective, and that there was no demonstrable prejudice to the borrower in the mortgage foreclosure action as a consequence of the delay in service (see Wells Fargo Bank, N.A. v Ben-Aron, 231 AD3d 1194, 1196-1197; PNC Bank, N.A. v Sarfaty, 225 AD3d 721, 723; Bayview Loan Servicing, LLC v Chaudhury, 188 AD3d at 1129).
The parties' remaining contentions either are without merit or need not be addressed in light of our determination.
IANNACCI, J.P., FORD, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court