Nationstar Mtge., LLC v Stroman (2026 NY Slip Op 01523)

Nationstar Mtge., LLC v Stroman

2026 NY Slip Op 01523

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2023-03049
 (Index No. 6722/14)

[*1]Nationstar Mortgage, LLC, appellant,
vTessa C. Stroman, respondent, et al., defendants.

Locke Lord LLP, New York, NY (Harry K. Tiwari and William D. Foley, Jr., of counsel), for appellant.
Valerie A. Hawkins, Hempstead, NY, for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), dated November 4, 2022. The order, following a hearing to determine the validity of service of process, granted those branches of the motion of the defendant Tessa C. Stroman which were, in effect, pursuant to CPLR 5015(a)(4) to vacate an order and judgment of foreclosure and sale (one paper) of the same court (Thomas A. Adams, J.) entered December 2, 2016, and thereupon pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.
ORDERED that the order dated November 4, 2022, is affirmed, with costs.
In 2014, the plaintiff commenced this mortgage foreclosure action against, among others, the defendant Tessa C. Stroman (hereinafter the defendant). An order and judgment of foreclosure and sale was subsequently entered. The defendant moved, among other things, in effect, pursuant to CPLR 5015(a)(4) to vacate the order and judgment of foreclosure and sale, and thereupon pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction, or, in the alternative, for a hearing to determine the validity of service of process upon her. In an order entered May 17, 2017, the Supreme Court denied the defendant's motion without a hearing. Subsequently, the defendant moved for leave to reargue her prior motion, and the plaintiff opposed the motion. In an order entered January 11, 2018, the court, in effect, granted leave to reargue, and upon reargument, adhered to its prior determination in the order entered May 17, 2017.
On the defendant's appeal, this Court reversed the order entered January 11, 2018, insofar as appealed from, upon reargument, vacated the order entered May 17, 2017, granted that branch of the defendant's motion which was for a hearing to determine the validity of service of process upon her, and remitted the matter to the Supreme Court for a hearing to determine the validity of service of process upon the defendant, and for a new determination thereafter of those branches of the defendant's motion which were, in effect, pursuant to CPLR 5015(a)(4) to vacate the order and judgment of foreclosure and sale, and thereupon pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction (see Nationstar Mtge., LLC v Stroman, 202 AD3d 804). Following that hearing, the Supreme Court, in an order [*2]dated November 4, 2022, granted those branches of the defendant's motion. The plaintiff appeals.
"The plaintiff bears the ultimate burden of proving by a preponderance of the evidence that jurisdiction over the defendant was obtained by proper service of process" (Wells Fargo Bank, N.A. v Barasch, 188 AD3d 955, 956 [internal quotation marks omitted]; see Deutsche Bank Natl. Trust Co. v Vilfranc, 157 AD3d 766, 766; Bankers Trust Co. of Cal. v Tsoukas, 303 AD2d 343, 343). "In reviewing a determination made after a hearing, this Court's authority is as broad as that of the hearing court, and this Court may render the determination it finds warranted by the facts, taking into account that in a close case, the hearing court had the advantage of seeing the witnesses" (Wells Fargo Bank, N.A. v Barasch, 188 AD3d at 956 [internal quotation marks omitted]).
Here, we discern no basis to disturb the Supreme Court's determination that the plaintiff failed to meet its burden and that service was not properly effected on the defendant (see id.; Deutsche Bank Natl. Trust Co. v Vilfranc, 157 AD3d at 767).
The plaintiff's remaining contention is not properly before us.
Accordingly, the Supreme Court properly granted those branches of the defendant's motion which were, in effect, pursuant to CPLR 5015(a)(4) to vacate the order and judgment of foreclosure and sale, and thereupon pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.
DILLON, J.P., CHAMBERS, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court