JPMorgan Chase Bank, N.A. v Gluck (2021 NY Slip Op 04012)





JPMorgan Chase Bank, N.A. v Gluck


2021 NY Slip Op 04012


Decided on June 23, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2019-09795
 (Index No. 10307/11)

[*1]JPMorgan Chase Bank, National Association, appellant,
v
Fishel Gluck, respondent, et al., defendants.


Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas and Douglas C. Weinert of counsel), for appellant.
Berg & David PLLC, Brooklyn, NY (Gordon Speckhard of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Ingrid Joseph, J.), dated June 5, 2019. The order, insofar as appealed from, denied the plaintiff's motion pursuant to CPLR 306-b to extend the time within which to serve the defendant Fishel Gluck.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On May 5, 2011, the plaintiff commenced the instant action to foreclose a mortgage against the defendant Fishel Gluck, among others. On November 10, 2011, Gluck transferred his interest in the subject property to Joel Landau.
In an order dated December 12, 2013, the Supreme Court granted Gluck's motion pursuant to CPLR 306-b to dismiss the complaint insofar as asserted against him on the ground that the court lacked personal jurisdiction. The court held that the plaintiff failed to establish due diligence in attempting to serve Gluck via the personal service method in CPLR 308(1) or the "leave and mail" method in CPLR 308(2), and thus, that service pursuant to the "nail and mail" method in CPLR 308(4) was not authorized.
On August 7, 2014, Landau transferred his interest in the subject property back to Gluck.
In an order dated September 5, 2018, the Supreme Court denied the plaintiff's motion to serve a supplemental summons on Gluck, without prejudice to the plaintiff commencing a new action against Gluck or moving to extend the time to serve Gluck.
On January 7, 2019, the plaintiff moved pursuant to CPLR 306-b to extend the time within which to serve Gluck. The plaintiff argued that it had good cause for the extension of time because it promptly moved for the extension after being directed to do so by the Supreme Court. The plaintiff also argued that the expiration of the statute of limitations weighed in favor of granting the extension of time in the interest of justice. Gluck opposed the motion.
In an order dated June 5, 2019, the Supreme Court denied the plaintiff's motion for the extension of time, holding that the court had already dismissed the action insofar as asserted against Gluck for lack of personal jurisdiction. The plaintiff appeals.
Initially, we reject Gluck's argument that the record on appeal is inadequate. Gluck fails to identify any document that was submitted either in support of or in opposition to the instant motion that is not included in the record (see generally Garnerville Holding Co. v IMC Mgt., 299 AD2d 450).
Although we agree with the Supreme Court's determination to deny the plaintiff's motion, we disagree with the court's conclusion that the motion should have been denied because the complaint had already been dismissed insofar as asserted against Gluck. This Court recently "reject[ed] the view that [a] motion pursuant to CPLR 306-b to extend the time for service, made in a pending action but after the Supreme Court issued an order granting a motion to dismiss based on lack of personal jurisdiction, should [be] denied without consideration of its merits" (State of New York Mtge. Agency v Braun, 182 AD3d 63, 64). An action is deemed pending until there is a final judgment (see CPLR 5011; State of New York Mtge. Agency v Braun, 182 AD3d at 68; Cooke-Garrett v Hoque, 109 AD3d 457, 457). Here, no judgment has been entered. "Inasmuch as no judgment was entered dismissing the action, the action was pending when the plaintiff moved to extend the time to serve [Gluck] with process" (U.S. Bank N.A. v Saintus, 153 AD3d 1380, 1382; see State of New York Mtge. Agency v Braun, 182 AD3d at 69). Accordingly, the Supreme Court erred in denying the plaintiff's motion without consideration of the merits (see State of New York Mtge. Agency v Braun, 182 AD3d at 67-69).
Turning to the merits, however, the Supreme Court's denial of the motion was appropriate. "Pursuant to CPLR 306-b, a court may, in the exercise of discretion, grant a motion for an extension of time within which to effect service for good cause shown or in the interest of justice" (State of New York Mtge. Agency v Braun, 182 AD3d at 66; see CPLR 306-b). "'Good cause' and 'interest of justice' are two separate and independent statutory standards. To establish good cause, a plaintiff must demonstrate reasonable diligence in attempting service. Good cause will not exist where a plaintiff fails to make any effort at service, or fails to make at least a reasonably diligent effort at service. By contrast, good cause may be found to exist where the plaintiff's failure to timely serve process is a result of circumstances beyond the plaintiff's control" (Bumpus v New York City Tr. Auth., 66 AD3d 26, 32 [citations omitted]).
Here, when the Supreme Court granted Gluck's motion to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction—in 2013—the court specifically stated that the plaintiff had failed to exercise diligence in attempting to serve Gluck pursuant to CPLR 308(1) and CPLR 308(2). The plaintiff fails to dispute that conclusion on appeal, and thus, the plaintiff has failed to demonstrate good cause within the meaning of CPLR 306-b.
Nor has the plaintiff demonstrated that an extension of time is warranted in the interest of justice. In considering the interest of justice standard, "'the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to the defendant'" (State of New York Mtge. Agency v Braun, 182 AD3d at 66-67, quoting Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105-106).
Here, in view of the more than five-year delay of the plaintiff in seeking this extension of time, and the lack of any excuse for the delay, the extension is not warranted in the interest of justice (see Slate v Schiavone Constr. Co., 4 NY3d 816; Rodriguez v Consolidated Edison Co. of N.Y., Inc., 163 AD3d 734, 736).
LASALLE, P.J., HINDS-RADIX, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court