Flynn v New York State Dept. of Corr. & Community Supervision (2022 NY Slip Op 00404)





Flynn v New York State Dept. of Corr. & Community Supervision


2022 NY Slip Op 00404


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER, JJ.


2019-03909
 (Index No. 6948/18)

[*1]Rita Flynn, respondent, 
v
New York State Department of Corrections and Community Supervision, appellant.


Gleason, Dunn, Walsh & O'Shea, Albany, NY (Mark T. Walsh of counsel), for appellant.
Michael Ranis, Goshen, NY, for respondent.



DECISION & ORDER
In an action pursuant to Civil Service Law § 75-b, inter alia, to reinstate the plaintiff to her special assignment as a parole officer in the sexual offenders unit, the defendant appeals from an order of the Supreme Court, Orange County (Elaine Slobod, J.), dated March 7, 2019. The order denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff has been employed as a parole officer with the defendant New York State Department of Corrections and Community Supervision since 1979. From 2007 until October 28, 2016, the plaintiff worked in a specialized assignment with sexual offenders as a Strict and Intensive Supervision Treatment (hereinafter SIST) parole officer.
In September 2016, the plaintiff, in coordination with the Office of Mental Health (OMH), was allegedly assigned responsibility for arranging the court-ordered release of a John Doe from a psychiatric facility. The plaintiff considered Doe the highest-risk offender she had been assigned to supervise, and allegedly made several recommendations to her supervisors indicating the need to further investigate and improve Doe's proposed discharge plan, which the plaintiff considered inadequate and likely to place the community at risk. Among other things, the plaintiff suggested to her superiors that Doe's release should be delayed, but the defendant declined to request a postponement of Doe's scheduled release date.
Shortly after Doe's release, the plaintiff allegedly notified her supervisors that Doe's treatment providers had contacted her with concerns, among other things, that it was not a matter of "if" but "when" Doe would sexually reoffend, and that Doe did not have an adequate community release plan in place to meet his needs. Thereafter, the defendant removed the plaintiff from her special assignment as a SIST parole officer, and informed the plaintiff that she would be returning to a non-specialized caseload.
The plaintiff subsequently commenced this action against the defendant alleging a violation of Civil Service Law § 75-b and seeking statutory remedies, including reinstatement of her special assignment as a SIST parole officer (see Labor Law § 740[5]; Civil Service Law § 75-[*2]b[3][c]). The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint. The Supreme Court denied the defendant's motion, and the defendant appeals.
Contrary to the defendant's contention, the plaintiff did not waive her right to seek remedies under Civil Service Law § 75-b merely as a result of her filing a prior federal complaint in which she sought, inter alia, relief under both Labor Law 740 and Civil Service Law § 75-b (cf. Reddington v Staten Is. Univ. Hosp., 11 NY3d 80, 89; Castro v City of New York, 141 AD3d 456, 457; Hanley v New York State Exec. Dept., Div. for Youth, 182 AD2d 317, 319; see also Civil Service Law § 75-b[3][c]).
Moreover, contrary to the defendant's contention, the plaintiff was not required to exhaust her administrative remedies under the applicable collective bargaining agreement prior to commencing this action. "An employee covered by a collective bargaining agreement which provides for a grievance procedure must exhaust administrative remedies prior to seeking judicial remedies" (Shortt v City of New York, 173 AD3d 925, 926). However, "[t]here is no need to exhaust administrative remedies when the cause of action by the plaintiff is not governed by the [collective bargaining agreement]" (Shortt v City of New York, 173 AD3d at 927). Here, the plaintiff is not asserting that the defendant violated any provision of the collective bargaining agreement, but rather that the defendant took an adverse personnel action against her in retaliation for a disclosure protected under Civil Service Law § 75-b(2)(a).
The defendant's remaining contention is without merit.
CONNOLLY, J.P., CHAMBERS, HINDS-RADIX and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court