Turner v Sideris (2022 NY Slip Op 05882)

Turner v Sideris

2022 NY Slip Op 05882

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.

2020-07071
 (Index No. 9565/15)

[*1]Kim Turner, et al., appellants,
v
George Sideris, etc., respondent.

Berkowitz & Weitz, P.C., White Plains, NY (Andrew D. Weitz of counsel), for appellants.
Chartwell Law, New York, NY (Linda Fridegotto of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), dated March 11, 2020. The order denied plaintiffs' motion pursuant to CPLR 306-b for an extension of time to serve the summons and complaint upon the defendant George Sideris, as administrator of the estate of Mary Theodore.
ORDERED that the order is affirmed, with costs.
On August 6, 2015, the plaintiffs commenced the instant action against Mary Theodore, to recover damages for injuries allegedly sustained by the plaintiff Kim Turner on December 18, 2012, when she fell on a staircase on premises owned by Theodore. An affidavit of service reflected that Theodore was served with the summons and complaint pursuant to CPLR 308(2), by delivery on September 7, 2015, upon a person of suitable age and discretion at the premises, followed by a mailing to Theodore on September 8, 2015.
The plaintiffs thereafter filed a motion for a default judgment against Theodore. On or about April 21, 2016, Theodore opposed the motion for a default judgment and cross-moved to dismiss the action, contending that the plaintiffs failed to obtain personal jurisdiction over her. Theodore died on May 19, 2016, and the action was automatically stayed. In an order dated July 14, 2016, the Supreme Court denied the plaintiffs' motion for a default judgment and Theodore's cross motion to dismiss the complaint, with leave to renew after the appointment of a fiduciary for the estate of Theodore.
On or about January 18, 2018, the plaintiffs moved pursuant to CPLR 1021 and 1015(a) to amend the summons and complaint to substitute George Sideris, as administrator of the estate of Mary Theodore, as the defendant in place and stead of Theodore. Sideris opposed the motion and cross-moved to dismiss the complaint for lack of proper service upon Theodore. In an order dated July 10, 2018, the Supreme Court, inter alia, granted the motion, substituted Sideris as the defendant, and lifted the stay of the action. The court also directed a hearing to determine the validity of service to aid in the determination of Sideris's cross motion to dismiss the complaint. The hearing was held on October 31, 2018, and January 14, 2019, and thereafter, in an order dated January 31, 2019, the court found that the process server's testimony was not credible and the [*2]evidence was insufficient to prove proper service, and granted Sideris' cross motion to dismiss the complaint.
On February 19, 2019, the plaintiffs moved pursuant to CPLR 306-b for an extension of time to serve the summons and complaint upon Sideris. Sideris opposed the motion. In an order dated March 11, 2020, the Supreme Court denied the plaintiffs' motion, and the plaintiffs appeal.
Pursuant to CPLR 306-b, a court may, in the exercise of its discretion, grant a motion for an extension of time within which to effect service of the summons and complaint for good cause shown or in the interest of justice (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104-105; Wells Fargo Bank, N.A. v Figueroa, 171 AD3d 987, 988). "Good cause will not exist where a plaintiff . . . fails to make at least a reasonably diligent effort at service" (Bumpus v New York City Tr. Auth., 66 AD3d 26, 32 [citations omitted]). Under the interest of justice standard, "the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to [the] defendant" (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106).
Here, the plaintiffs failed to establish that they exercised reasonably diligent efforts in attempting to effectuate proper service, and thus failed to show good cause (see Federal Natl. Mtge. Assn. v Cassis, 187 AD3d 1145, 1147; Estate of Fernandez v Wyckoff Hgts. Med. Ctr., 162 AD3d 742, 743; Hobbins v North Star Orthopedics, PLLC, 148 AD3d 784, 787-788). Further, the plaintiffs failed to establish entitlement to an extension of time in the interest of justice (see Federal Natl. Mtge. Assn. v Cassis, 187 AD3d at 1147; Wells Fargo Bank, N.A. v Kaul, 180 AD3d 956, 958-959; Nationstar Mtge., LLC v Wilson, 176 AD3d 1087, 1089-1090). Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiffs' motion pursuant to CPLR 306-b for an extension of time to serve the summons and complaint upon Sideris.
BARROS, J.P., CHAMBERS, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court