Marrano v Holtsville Fire Dist. (2022 NY Slip Op 06237)

Marrano v Holtsville Fire Dist.

2022 NY Slip Op 06237

Decided on November 9, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LILLIAN WAN, JJ.

2020-01827
 (Index No. 602806/19)

[*1]Nicholas R. Marrano, Jr., appellant-respondent,
v
Holtsville Fire District, respondent-appellant.

Scott Michael Mishkin, P.C., Islandia, NY (Paul A. Carruthers of counsel), for appellant-respondent.
Bond, Schoeneck & King, PLLC, Garden City, NY (Gregory B. Reilly and Emily E. Iannucci of counsel), for respondent-appellant.

DECISION & ORDER
In an action, inter alia, to recover damages pursuant to Civil Service Law § 75-b, the plaintiff appeals, and the defendant cross-appeals, from an order of the Supreme Court, Suffolk County (Carmen Victoria St. George, J.), dated December 19, 2019. The order, insofar as appealed from, denied the plaintiff's motion pursuant to CPLR 306-b to extend the time to serve the defendant with the summons and complaint. The order, insofar as cross-appealed from, denied the defendant's cross motion, in effect, pursuant to 22 NYCRR 130-1.1 to impose sanctions against the plaintiff for frivolous conduct.
ORDERED that the order is affirmed, without costs or disbursements.
In February 2019, the plaintiff, a former employee of the defendant, commenced this action, inter alia, to recover damages pursuant to Labor Law § 740, alleging that the defendant took retaliatory action against him by terminating his employment. On February 15, 2019, the plaintiff attempted to serve the defendant with the summons and complaint by delivering those documents to an employee of the defendant. In March 2019, the plaintiff filed an amended complaint, withdrawing his cause of action to recover damages pursuant to Labor Law § 740, and substituting a cause of action to recover damages pursuant to Civil Service Law § 75-b. Thereafter, the defendant moved, among other things, pursuant to CPLR 3211(a)(8) to dismiss the amended complaint for lack of personal jurisdiction. In an order dated August 6, 2019, the Supreme Court directed a hearing to determine the validity of service of process. At the close of the hearing on September 5, 2019, the court found that the plaintiff failed to validly serve the defendant because the employee who was given the summons and complaint was not authorized to accept service, and directed dismissal of the complaint.
On September 27, 2019, the plaintiff moved pursuant to CPLR 306-b to extend the time to serve the defendant with the summons and complaint. The defendant cross-moved, in effect, pursuant to 22 NYCRR 130-1.1 to impose sanctions against the plaintiff for frivolous conduct. In an order dated December 19, 2019, the Supreme Court denied the plaintiff's motion and the defendant's cross motion. The plaintiff appeals, and the defendant cross-appeals.
Contrary to the Supreme Court's determination, since no judgment had been entered dismissing the action, the action was still pending at the time the plaintiff moved pursuant to CPLR 306-b to extend the time for service, and the plaintiff was not foreclosed from seeking that relief (see JPMorgan Chase Bank, N.A. v Gluck, 195 AD3d 904, 905-906; Bayview Loan Servicing, LLC v Chaudhury, 188 AD3d 1128, 1129; State of New York Mtge. Agency v Braun, 182 AD3d 63, 69). Although the court did not address the merits of the plaintiff's motion, we deem it appropriate to do so in the interest of judicial economy (see Bayview Loan Servicing, LLC v Chaudhury, 188 AD3d at 1129).
"Generally, service of a summons and complaint must be made within 120 days after the commencement of the action" (Wells Fargo Bank, N.A. v Fameux, 201 AD3d 1012, 1013; see CPLR 306-b). However, pursuant to CPLR 306-b, a court may, in the exercise of discretion, grant an extension of time to effect service for good cause shown or in the interest of justice (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104). "To establish good cause, a plaintiff must demonstrate reasonable diligence in attempting service" (Wells Fargo Bank, N.A. v Fameux, 201 AD3d at 1014). Further, "[i]n considering the interest of justice standard, 'the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to the defendant'" (id. at 1014, quoting State of New York Mtge. Agency v Braun, 182 AD3d at 66-67 [internal quotation marks omitted]).
Contrary to the plaintiff's contention, he failed to demonstrate reasonable diligence in attempting service by making only a single attempt, during which the plaintiff's representative left the summons and complaint with an employee of the defendant who never represented that he held any of the positions required to accept service on behalf of a governmental district pursuant to CPLR 311(a)(8). Thus, the plaintiff failed to establish good cause for an extension of time to serve the defendant.
Furthermore, the plaintiff failed to establish his entitlement to an extension in the interest of justice. Although the plaintiff was on notice of the defective service in April 2019—when the defendant moved, inter alia, to dismiss the complaint based on improper service —the plaintiff still waited until September 27, 2019, more than five months after the defendant's motion was made and several weeks after the conclusion of the hearing to determine the validity of service, to move for an extension of time to serve the summons and complaint (see Wells Fargo Bank, N.A. v Kaul, 180 AD3d 956, 959; Kowlessar v Darkwah, 172 AD3d 837, 842). Moreover, the plaintiff failed to establish the existence of a potentially meritorious cause of action. Under the law in existence at the time the plaintiff commenced this action, the plaintiff waived the right to amend the complaint to add a cause of action to recover damages for retaliatory termination pursuant to Civil Service Law § 75-b by initially electing to seek recovery pursuant to Labor Law § 740 (see Labor Law former § 740[7]; Charite v Duane Reade, Inc., 120 AD3d 1378, 1379; Pipia v Nassau County, 34 AD3d 664, 667; cf. Flynn v New York State Dept. of Corr. & Community Supervision, 201 AD3d 885, 886). Thus, under the circumstances of this case, the plaintiff failed to establish that an extension of time to serve the summons and complaint was warranted in the interest of justice.
Contrary to the defendant's contention, however, the Supreme Court properly denied the defendant's cross motion, in effect, to impose sanctions against the plaintiff. The plaintiff's conduct in, among other things, declining to discontinue the action and in moving for an extension of time to serve the summons and complaint did not constitute frivolous conduct within the meaning of 22 NYCRR 130-1.1 (see Kantrowitz, Goldhamer & Graifman, P.C. v Ayrovainen, 204 AD3d 652, 653).
We decline the defendant's request to impose sanctions against the plaintiff for bringing an allegedly frivolous appeal (see 22 NYCRR 130-1.1).
DUFFY, J.P., MALTESE, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court