Marjam Supply Co., Inc. v Warwick Props., Inc. (2023 NY Slip Op 03343)

Marjam Supply Co., Inc. v Warwick Props., Inc.

2023 NY Slip Op 03343

Decided on June 21, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 21, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.

2020-03532
 (Index No. 8892/17)

[*1]Marjam Supply Co., Inc., appellant, 
v
Warwick Properties, Inc., respondent, et al., defendants.

Tesser & Cohen, New York, NY (Danielle Cohen of counsel), for appellant.
Blustein, Shapiro, Rich & Barone, LLP, Goshen, NY (Stephanie Tunic of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mechanic's lien, the plaintiff appeals from an order of the Supreme Court, Orange County (Maria S. Vazquez-Doles, J.), dated February 26, 2020. The order, insofar as appealed from, denied the plaintiff's motion for leave to renew its opposition to that branch of the motion of the defendant Warwick Properties, Inc., which was pursuant to CPLR 306-b to dismiss the complaint insofar as asserted against it, which had been granted in an order of the same court dated August 28, 2019, and pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant Warwick Properties, Inc.
ORDERED that the order dated February 26, 2020, is affirmed insofar as appealed from, with costs.
In October 2017, the plaintiff commenced this action to foreclose a mechanic's lien on property owned by the defendant Warwick Properties, Inc. (hereinafter Warwick). In April 2019, Warwick moved, inter alia, pursuant to CPLR 306-b to dismiss the complaint insofar as asserted against it on the ground that it was not served with the summons and complaint within 120 days of the commencement of the action. The plaintiff opposed the motion and cross-moved to deem an affidavit of service upon Warwick timely filed nunc pro tunc. In an order dated August 28, 2019, the Supreme Court granted that branch of Warwick's motion which was pursuant to CPLR 306-b to dismiss the complaint insofar as asserted against it and denied the plaintiff's cross-motion.
In November 2019, the plaintiff moved for leave to renew its opposition to that branch of Warwick's motion which was pursuant to CPLR 306-b to dismiss the complaint insofar as asserted against it and pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon Warwick. In an order dated February 26, 2020, the Supreme Court, inter alia, denied the plaintiff's motion. The plaintiff appeals.
A motion for leave to renew shall be based upon new facts not offered on the prior motion that would change the prior determination (see id. § 2221[e][2]). The motion must set forth a reasonable justification for the failure to present such facts on the prior motion (see id. § 2221[e][3]). "A motion for leave to renew is not a second chance freely given to parties who have [*2]not exercised due diligence in making their first factual presentation" (MTGLQ Invs., L.P. v Balan, 203 AD3d 717, 718-719; see Federal Natl. Mtge. Assn. v Sakizada, 153 AD3d 1236, 1237).
Here, the plaintiff failed to present any new facts or evidence that would warrant renewal, and it did not set forth any reasonable justification for failing to present any such facts in opposition to Warwick's motion (see Emigrant Bank v Nicolaou, 198 AD3d 724, 725; Cioffi v S.M. Foods, Inc., 129 AD3d 888, 891; see also Cando v Ajay Gen. Contr. Co. Inc., 200 AD3d 750, 755; Renna v Gullo, 19 AD3d 472, 473). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for leave to renew its opposition to that branch of Warwick's motion which was pursuant to CPLR 306-b to dismiss the complaint insofar as asserted against it.
"[A] court may consider the merits of a motion pursuant to CPLR 306-b to extend the time for service, even one made after the granting of a motion to dismiss, so long as the action remains pending" (State of New York Mtge. Agency v Braun, 182 AD3d 63, 69; see Wells Fargo Bank, N.A. v Kaul, 180 AD3d 956, 958). Here, although the Supreme Court did not address the merits of that branch of the plaintiff's motion which was pursuant to CPLR 306-b to extend the time for service, we deem it appropriate to do so in the interest of judicial economy (see Marrano v Holtsville Fire Dist., 210 AD3d 754, 755-756; Bayview Loan Servicing, LLC v Chaudhury, 188 AD3d 1128, 1129).
Contrary to the plaintiff's contention, it failed to demonstrate reasonable diligence in attempting service upon Warwick pursuant to the requirements of CPLR 311 (see Goldstein Group Holding, Inc. v 310 E. 4th St. Hous. Dev. Fund Corp., 154 AD3d 458, 459; Johnson v Concourse Vil., Inc., 69 AD3d 410, 410). The plaintiff also failed to establish that an extension of time was warranted in the interest of justice. Although the plaintiff was on notice as of April 2019 that Warwick was challenging service, the plaintiff waited until November 2019, seven months after the motion to dismiss was made and three months after dismissal had been granted, to move for an extension of time to serve the summons and complaint (see Marrano v Holtsville Fire District, 210 AD3d at 756; Wells Fargo Bank, N.A. v Kaul, 180 AD3d at 959). Moreover, there is no indication in the record that Warwick had actual notice of the action within 120 days of its commencement (see Wells Fargo Bank, N.A. v Kaul, 180 AD3d at 959; Wells Fargo Bank, NA v Barrella, 166 AD3d 711, 714). Accordingly, that branch of the plaintiff's motion which was pursuant to CPLR 306-b to extend the time to serve Warwick with the summons and complaint was properly denied.
DUFFY, J.P., CHAMBERS, MALTESE and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court