Marzan v Petit-Frere (2023 NY Slip Op 05254)

Marzan v Petit-Frere

2023 NY Slip Op 05254

Decided on October 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2022-01887
 (Index No. 525500/20)

[*1]John Marzan, appellant, 
v
Fritz Petit-Frere, respondent.

Musa-Obregon Law, P.C., Maspeth, NY (Karl J. Ashanti of counsel), for appellant.
Law Offices of John Trop, Tarrytown, NY (Jason A. Ciluffo of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated February 4, 2022. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint and denied the plaintiff's cross-motion, inter alia, pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant.
ORDERED that the order is affirmed, with costs.
On or about December 26, 2017, the defendant's vehicle allegedly struck the plaintiff while he was walking near the intersection of Ralph Avenue and Clarendon Road in Brooklyn. In December 2020, the plaintiff commenced this action against the defendant to recover damages for personal injuries. The plaintiff served the summons and complaint upon the defendant more than eight months later, on September 8, 2021.
On September 16, 2021, the defendant moved, inter alia, pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction. On November 18, 2021, the plaintiff cross-moved, among other things, pursuant to CPLR 306-b to extend the time to serve the summons and complaint on the defendant. By order dated February 4, 2022, the Supreme Court granted the defendant's motion and denied the plaintiff's cross-motion. The plaintiff appeals, and we affirm.
Pursuant to CPLR 306-b, a court may, in the exercise of its discretion, grant a motion for an extension of time within which to effect service of the summons and complaint for good cause shown or in the interest of justice (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104-105; Wells Fargo Bank, N.A. v Gewirtz, 204 AD3d 1070, 1072). "Good cause will not exist where a plaintiff . . . fails to make at least a reasonably diligent effort at service" (Bumpus v New York City Tr. Auth., 66 AD3d 26, 32 [citations omitted]). Under the interest of justice standard, "the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to [the] defendant" (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106; Turner [*2]v Sideris, 209 AD3d 915, 916).
Here, the plaintiff failed to establish that he exercised reasonably diligent efforts in attempting to effectuate proper service upon the defendant and, thus, he failed to show good cause (see Turner v Sideris, 209 AD3d at 916; Calloway v Wells, 79 AD3d 786). Further, contrary to his contentions, the plaintiff failed to establish entitlement to an extension of time to effect service of the summons and complaint on the defendant in the interest of justice (see Turner v Sideris, 209 AD3d at 916; Valentin v Zaltsman, 39 AD3d 852).
Accordingly, the Supreme Court properly granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint and denied the plaintiff's cross-motion, inter alia, pursuant to CPLR 306-b to extent the time to serve the summons and complaint upon the defendant.
BARROS, J.P., MALTESE, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court