Crystal v American Tr. Ins. Co. (2024 NY Slip Op 04455)

Crystal v American Tr. Ins. Co.

2024 NY Slip Op 04455

Decided on September 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2023-00100
 (Index No. 512885/20)

[*1]Alan M. Crystal, appellant, 
v
American Transit Insurance Company, et al., defendants, Baker McEvoy & Moskovits, P.C., etc., respondent.

Craig K. Tyson, New York, NY, for appellant.
The Rizzuto Law Firm, Uniondale, NY (Kristin N. Reed of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated November 17, 2022. The order, insofar as appealed from, denied the plaintiff's motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant Baker McEvoy & Moskovits, P.C., and pursuant to CPLR 308(5) to direct an alternative method for service of process.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendants Baker McEvoy & Moskovits, P.C. (hereinafter Baker), and American Transit Insurance Company (hereinafter American), and another defendant, to recover damages for breach of contract. The plaintiff's process server attempted to effect service on Baker and American at One Metrotech Center in Brooklyn. While there, the process server encountered a clerk, who allegedly represented that he was authorized to accept service for Baker and American; the process server left two copies of the summons and complaint with the clerk.
Baker interposed an answer, inter alia, asserting an affirmative defense of lack of personal jurisdiction. Baker moved, among other things, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against it. The Supreme Court directed a hearing on the issue of whether Baker was properly served with process. Following the hearing, a referee determined that Baker had not been properly served.
Thereafter, the plaintiff moved pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon Baker and pursuant to CPLR 308(5) to direct an alternative method for service of process. In an order dated November 17, 2022, the Supreme Court, inter alia, denied the plaintiff's motion. The plaintiff appeals.
Pursuant to CPLR 306-b, a court, in the exercise of its discretion, may grant a motion to extend the time to effect service of the summons and complaint for good cause shown or in the interest of justice (see Marzan v Petit-Frere, 220 AD3d 852, 852). "Good cause and interest of justice are two separate and independent statutory standards" (PNC Bank, N.A. v Sarfaty, 225 AD3d [*2]721, 722 [internal quotation marks omitted]). "Good cause will not exist where a plaintiff . . . fails to make at least a reasonably diligent effort at service" (Marzan v Petit-Frere, 220 AD3d at 852 [internal quotation marks omitted]; see Bumpus v New York City Tr. Auth., 66 AD3d 26, 31). Under the interest of justice standard, "the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (Rivera v Michaelsen, 225 AD3d 639, 641 [internal quotation marks omitted]; see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105-106).
Here, the plaintiff failed to establish that he exercised a reasonably diligent effort in attempting to effect service upon Baker, and thus, he failed to show good cause (see Marzan v Petit-Frere, 220 AD3d at 852; State of New York Mtge. Agency v Braun, 182 AD3d 63, 66). Further, contrary to his contentions, the plaintiff failed to establish his entitlement to extend the time to serve the summons and complaint upon Baker in the interest of justice (see Marzan v Petit-Frere, 220 AD3d at 853; LaSalle Bank, NA v Ferrari, 210 AD3d 976, 978).
The plaintiff's remaining contention is without merit.
Accordingly, the Supreme Court properly denied the plaintiff's motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon Baker and pursuant to CPLR 308(5) to direct an alternative method for service of process.
DILLON, J.P., MILLER, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court