Duckett v Stringer (2024 NY Slip Op 05329)

Duckett v Stringer

2024 NY Slip Op 05329

Decided on October 30, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 30, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2022-03051
 (Index No. 700369/22)

[*1]George J. Duckett, appellant, 
v
Scott M. Stringer, defendant.

George J. Duckett, Jamaica Estates, NY, appellant pro se.

DECISION & ORDER
Appeal by the plaintiff from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered March 30, 2022. The order denied the plaintiff's motion pursuant to CPLR 306-b for an extension of time to serve the defendant with the summons and complaint.
ORDERED that the order is affirmed, without costs or disbursements.
On April 15, 2021, the plaintiff commenced this action against the defendant. Although the plaintiff mailed a copy of the complaint to the defendant, he did not serve the defendant within 120 days, as required by CPLR 306-b. According to the plaintiff's affidavit of service, the defendant was served with the summons and complaint by delivery to his authorized agent on August 24, 2021.
In October 2021, the plaintiff moved pursuant to CPLR 306-b for an extension of time to serve the defendant with process. In an order entered March 30, 2022, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"Pursuant to CPLR 306-b, a court may, in the exercise of discretion, grant a motion for an extension of time to effect service for 'good cause shown' or 'in the interest of justice'" (BAC Home Loans Servicing, L.P. v Tessler, 208 AD3d 619, 621, quoting CPLR 306-b; see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104; Turner v Sideris, 209 AD3d 915, 916). "To establish good cause, a plaintiff must demonstrate reasonable diligence in attempting service" (Wells Fargo Bank, N.A. v Fameux, 201 AD3d 1012, 1014; see Marzan v Petit-Frere, 220 AD3d 852; Bumpus v New York City Tr. Auth., 66 AD3d 26, 31-32). Here, the plaintiff failed to establish that he exercised reasonably diligent efforts in attempting to effectuate proper service upon the defendant and, thus, failed to show good cause (see Marzan v Petit-Frere, 220 AD3d at 853; Marjam Supply Co., Inc. v Warwick Props., Inc., 217 AD3d 853, 855; Turner v Sideris, 209 AD3d at 916).
"If good cause for an extension is not established, courts must consider the broader interest of justice standard of CPLR 306-b" (State of New York Mtge. Agency v Braun, 182 AD3d 63, 66; see Bumpus v New York City Tr. Auth., 66 AD3d at 32). Under the interest of justice standard, "the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (Leader v Maroney, Ponzini & Spencer, 97 NY2d at [*2]105-106; see Gooden v New York City Health & Hosps. Corp., 216 AD3d 1143, 1145). Contrary to the plaintiff's contention, he did not establish that an extension was warranted in the interest of justice, since the plaintiff exhibited a lack of diligence and failed to establish a potentially meritorious cause of action (see Fink v Dollar Mart, 186 AD3d 1197, 1199; Deutsche Bank Natl. Trust Co. v Campbell, 172 AD3d 1310, 1312; Hourie v North Shore-Long Is. Jewish Health Sys., Inc.-Lenox Hill Hosp., 150 AD3d 707, 709). Accordingly, the Supreme Court did not improvidently exercise its discretion in denying the plaintiff's motion.
BRATHWAITE NELSON, J.P., MILLER, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court