Warmbier v City of New York (2025 NY Slip Op 02810)

Warmbier v City of New York

2025 NY Slip Op 02810

Decided on May 7, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2023-10996
 (Index No. 701224/22)

[*1]Grace Warmbier, appellant, 
v
City of New York, respondents, et al., defendants.

Augello Law Group, P.C., New York, NY (Cynthia A. Augello of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Melanie T. West and Chloé K. Moon of counsel), for respondent City of New York.

DECISION & ORDER
In an action, inter alia, in effect, to recover damages pursuant to Civil Service Law § 75-b and for employment discrimination on the basis of gender and disability, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered August 1, 2023. The order, insofar as appealed from, granted those branches of the motion of the defendants City of New York and New York City Police Department which were pursuant to CPLR 3211(a)(7) to dismiss the third through eighth causes of action and so much of the second cause of action as alleged, in effect, a violation of Civil Service Law § 75-b insofar as asserted against the defendant City of New York.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants City of New York and New York City Police Department which was pursuant to CPLR 3211(a)(7) to dismiss so much of the second cause of action as alleged, in effect, a violation of Civil Service Law § 75-b insofar as asserted against the defendant City of New York, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff was employed as a "Criminalist III" with the defendant New York City Police Department (hereinafter NYPD). In May 2022, the plaintiff commenced this action against the NYPD and the defendant City of New York (hereinafter together the defendants), among others, inter alia, in effect, to recover damages pursuant to Civil Service Law § 75-b and for employment discrimination on the basis of gender and disability in violation of the New York State Human Rights Law (Executive Law art 15) and the New York City Human Rights Law (Administrative Code of City of NY § 8-101 et seq.). The defendants moved, among other things, pursuant to CPLR 3211(a)(7) to dismiss the third through eighth causes of action and so much of the second cause of action as alleged, in effect, a violation of Civil Service Law § 75-b insofar as asserted against the City. In an order entered August 1, 2023, the Supreme Court, inter alia, granted those branches of the motion. The plaintiff appeals.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must accept the facts alleged by the plaintiff as true and liberally construe the complaint, according it the [*2]benefit of every possible favorable inference" (Dee v Rakower, 112 AD3d 204, 208; see 1470 39th St., LLC v Goldberg, 226 AD3d 853, 854). Further, "[e]videntiary material submitted by the plaintiff in opposition to such a motion may be considered to remedy defects in the complaint" (NFA Group v Lotus Research, Inc., 180 AD3d 1060, 1061).
Here, contrary to the City's contention, the plaintiff was not required to allege that she exhausted her administrative remedies under the applicable collective bargaining agreement prior to seeking relief pursuant to Civil Service Law § 75-b. "An employee covered by a collective bargaining agreement which provides for a grievance procedure must exhaust administrative remedies prior to seeking judicial remedies" (Shortt v City of New York, 173 AD3d 925, 926; see Flynn v New York State Dept. of Corr. & Community Supervision, 201 AD3d 885, 886). However, "[t]here is no need to exhaust administrative remedies when the cause of action by the plaintiff is not governed by the [collective bargaining agreement]" (Shortt v City of New York, 173 AD3d at 927; see Flynn v New York State Dept. of Corr. & Community Supervision, 201 AD3d at 886). Here, the plaintiff is not alleging that the City violated a provision of the applicable collective bargaining agreement, but rather that the City took an adverse personnel action against her in retaliation for a disclosure protected under Civil Service Law § 75-b(2)(a) (see Flynn v New York State Dept. of Corr. & Community Supervision, 201 AD3d at 886).
Further, accepting the facts as alleged in the complaint as true, and according the plaintiff the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d at 87-88), the complaint, together with the plaintiff's affidavit and evidence submitted in opposition to the motion, adequately stated a cause of action alleging a violation of Civil Service Law § 75-b. Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss so much of the second cause of action as alleged, in effect, a violation of Civil Service Law § 75-b insofar as asserted against the City.
However, accepting as true the facts alleged in the complaint, and according the plaintiff the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d 83, 87-88), the complaint, even as amplified by the plaintiff's submissions in opposition to the motion, failed to state causes of action to recover damages for employment discrimination, unlawful retaliation, or hostile work environment (see Ayers v Bloomberg, L.P., 203 AD3d 872; Polite v Marquis Marriot Hotel, 195 AD3d 965, 967).
The plaintiff's remaining contention is without merit.
Accordingly, the Supreme Court properly granted those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the third through eighth causes of action insofar as asserted against the City.
IANNACCI, J.P., WOOTEN, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court