C.D. v Nassau County (2025 NY Slip Op 02756)

C.D. v Nassau County

2025 NY Slip Op 02756

Decided on May 7, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2023-05461
 (Index No. 900076/21)

[*1]C.D., appellant, 
v
Nassau County, et al., defendants, Suffolk County, respondent.

Herman Law, New York, NY (Jeffrey Herman, Stuart S. Mermelstein, Jenny Rossman, Emily Dolgin, and Vanessa Neal of counsel), for appellant.
Christopher J. Clayton, County Attorney, Hauppauge, NY (Stephanie N. Hill of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for negligence, the plaintiff appeals from an order of the Supreme Court, Nassau County (Leonard D. Steinman, J.), dated April 3, 2023. The order granted the motion of the defendant Suffolk County pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it and denied the plaintiff's cross-motion pursuant to CPLR 306-b to extend the time to serve the supplemental summons and amended complaint upon the defendant Suffolk County.
ORDERED that the order is affirmed, with costs.
The plaintiff timely commenced this action pursuant to the Child Victims Act (see CPLR 214-g) against Nassau County and Does 1-10 to recover damages for negligence. According to the complaint, as a child in 1977, while the plaintiff was under the care and custody of Nassau County, she was sexually abused by her foster father in a foster home that was located in Suffolk County. After the expiration of the revival period under the Child Victims Act, the plaintiff discovered that she might have been in the care and custody of Suffolk County during the relevant time period, and she moved, among other things, pursuant to CPLR 1024 to identify Doe 1 as Suffolk County. In an order dated July 21, 2022, the Supreme Court granted the motion and directed the plaintiff to serve Suffolk County with the supplemental summons and amended complaint within 30 days from the date of the order. The plaintiff's motion was granted "without prejudice to any argument that Suffolk County may raise concerning the timeliness of the action as against it." The plaintiff failed to timely serve the supplemental summons and amended complaint upon Suffolk County. Subsequently, Suffolk County moved pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it, arguing, inter alia, that it was time-barred. In response, the plaintiff cross-moved pursuant to CPLR 306-b to extend the time to serve the supplemental summons and amended complaint upon Suffolk County. In an order dated April 3, 2023, the court granted Suffolk County's motion and denied the plaintiff's cross-motion, determining that the amended complaint insofar as asserted against Suffolk County was time-barred. The plaintiff appeals.
Pursuant to CPLR 1024, "[a] party who is ignorant, in whole or in part, of the name [*2]or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his [or her] name and identity as is known. If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly." "To be effective, a summons and complaint must describe the unknown party in such a manner that the 'Jane Doe' would understand that she is the intended defendant by a reading of the papers" (J.V. v Suffolk County, 235 AD3d 803, 804 [internal quotation marks omitted]; see Bumpus v New York City Tr. Auth., 66 AD3d 26, 29). "An insufficient description subjects the 'Jane Doe' complaint to dismissal for being jurisdictionally defective" (Bumpus v New York City Tr. Auth., 66 AD3d at 30). Moreover, "parties are not to resort to the 'Jane Doe' procedure unless they exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name and, despite such efforts, are unable to do so. Any failure to exercise due diligence to ascertain the 'Jane Doe's' name subjects the complaint to dismissal as to that party" (J.V. v Suffolk County, 235 AD3d at 804 [internal quotation marks omitted]; see Agosto v Maria, 232 AD3d 835, 837).
Here, the plaintiff did not demonstrate that she diligently sought to identify Suffolk County as being responsible for her placement in foster care before the statute of limitations expired (see J.V. v Suffolk County, 235 AD3d at 804; Irvine v City of New York, 232 AD3d 467, 468; Holmes v City of New York, 132 AD3d 952, 954). Although in September 2021, the plaintiff's attorney served an initial disclosure upon Nassau County, no response was received until March 2022, and the plaintiff failed to follow up on a letter request prior to receiving the response in March 2022 (see J.V. v Suffolk County, 235 AD3d at 804; Irvine v City of New York, 232 AD3d at 468).
Moreover, the allegations in the complaint were insufficient to advise Suffolk County that it was the intended subject of the plaintiff's lawsuit, since the complaint described Does 1-10 as persons or entities with responsibilities for the plaintiff's safety, supervision, and/or placement in foster care; described Nassau County as the plaintiff's legal guardian responsible for placing and supervising the plaintiff while she was in foster care; and did not otherwise adequately describe Suffolk County (see J.V. v Suffolk County, 235 AD3d at 804; Irvine v City of New York, 232 AD3d at 468).
Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in denying her cross-motion pursuant to CPLR 306-b to extend the time to serve the supplemental summons and amended complaint upon Suffolk County. Pursuant to CPLR 306-b, a court may, in the exercise of its discretion, grant a motion for an extension of time within which to effect service of the summons and complaint for good cause shown or in the interest of justice (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104-105; Marzan v Petit-Frere, 220 AD3d 852, 852). "Good cause will not exist where a plaintiff . . . fails to make at least a reasonably diligent effort at service" (Bumpus v New York City Tr. Auth., 66 AD3d at 32 [citations omitted]). Under the interest of justice standard, "the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to [the] defendant" (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106; see Rodriguez v Consolidated Edison Co. of N.Y., Inc., 163 AD3d 734, 736).
Here, the plaintiff failed to establish that she exercised reasonably diligent efforts in attempting to effect proper service upon Suffolk County, and thus, she failed to show good cause (see Marzan v Petit-Frere, 220 AD3d at 852; Rodriguez v Consolidated Edison Co. of N.Y., Inc., 163 AD3d at 736). Further, the plaintiff failed to establish her entitlement to an extension of time in the interest of justice (see Marzan v Petit-Frere, 220 AD3d at 852; Jordan-Covert v Petroleum Kings, LLC, 199 AD3d 666, 670).
The parties' remaining contentions either need not be reached in light of our determination or are improperly raised for the first time on appeal.
Accordingly, the Supreme Court properly granted the Suffolk County's motion [*3]pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it and providently exercised its discretion in denying the plaintiff's cross-motion pursuant to CPLR 306-b to extend the time to serve the supplemental summons and amended complaint upon Suffolk County.
BRATHWAITE NELSON, J.P., DOWLING, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court