Wells Fargo Bank, N.A. v Barasch
2026 NY Slip Op 03843
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Wells Fargo Bank, National Association, respondent,
v
Mark Barasch, appellant, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2022-09624, (Index No. 61855/15)
Colleen D. Duffy, J.P.
Paul Wooten
Laurence L. Love
Phillip Hom, JJ.

Mark Barasch, Pound Ridge, NY, appellant pro se.
McCabe, Weisberg & Conway, LLC, Melville, NY (Jamie C. Krapf of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to foreclose a mortgage, the defendant Mark Barasch appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated October 13, 2022. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was pursuant to CPLR 306-b to extend the time to serve the defendant Mark Barasch with the summons and complaint.
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and that branch of the plaintiff's motion which was pursuant to CPLR 306-b to extend the time to serve the defendant Mark Barasch with the summons and complaint is denied.
In July 2015, the plaintiff commenced this action against the defendants Mark Barasch and Ellen Barasch (hereinafter together the defendants), among others, to foreclose a consolidated mortgage on certain real property located in Pound Ridge. According to affidavits of service, the defendants purportedly were served with process at the property pursuant to CPLR 308(2) on July 20, 2015.
In August 2015, the defendants moved, inter alia, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction. In an order dated September 9, 2015, the Supreme Court held the motion in abeyance pending completion of mandatory settlement conferences. In November 2015, upon the release of the action from the settlement conference part, the defendants again moved, among other things, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction.
In an order dated November 30, 2016, the Supreme Court, inter alia, directed a hearing to determine the validity of service of process upon the defendants, which was scheduled for February 16, 2017. In an order dated April 3, 2017, made after the hearing, the court granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction. On November 12, 2020, this Court affirmed that order (see Wells Fargo Bank, N.A. v Barasch, 188 AD3d 955).
In December 2021, the plaintiff moved pursuant to CPLR 306-b to extend the time to serve the defendants with the summons and complaint. In an order dated October 13, 2022, the Supreme Court granted the plaintiff's motion. Mark Barasch appeals from so much of the order as granted that branch of the plaintiff's motion which was pursuant to CPLR 306-b to extend the time to serve him with the summons and complaint.
Contrary to Mark Barasch's contention, since no judgment had been entered dismissing the complaint, the action was still pending at the time the plaintiff moved pursuant to CPLR 306-b to extend the time for service, and therefore, the plaintiff was not foreclosed from seeking that relief (see Marrano v Holtsville Fire Dist., 210 AD3d 754, 755; US Bank N.A. v Saintus, 153 AD3d 1380, 1382).
"Pursuant to CPLR 306-b, a court may, in the exercise of discretion, grant a motion for an extension of time to effect service for 'good cause shown' or 'in the interest of justice'" (BAC Home Loans Servicing, L.P. v Tessler, 208 AD3d 619, 621, quoting CPLR 306-b; see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104). "To establish good cause, a plaintiff must demonstrate reasonable diligence in attempting service" (Wells Fargo Bank, N.A. v Fameux, 201 AD3d 1012, 1014). Under the interest of justice standard, "the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to [the] defendant" (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106).
Contrary to the plaintiff's contention, it failed to demonstrate good cause to extend the time to serve Mark Barasch with the summons and complaint (see Citibank, N.A. v Martinez, 197 AD3d 1086, 1087).
Furthermore, under the circumstances of this case, the plaintiff failed to establish its entitlement to an extension of time to serve Mark Barasch in the interest of justice. Although the plaintiff was on notice as of August 2015 that the defendants were challenging service, the plaintiff waited until the eve of the hearing on the validity of service of process in February 2017 to file a proposed order to show cause seeking a stay of the hearing and an extension of time to serve the defendants, which the Supreme Court declined to sign (see JPMorgan Chase Bank, N.A. v Malik, 238 AD3d 1014, 1016-1017; Marjam Supply Co., Inc. v Warwick Props., Inc., 217 AD3d 853, 855). Moreover, after the court determined in April 2017 that dismissal was warranted based on improper service, the plaintiff then waited more than 4½ years, until December 2021, more than 6 years after the plaintiff had been put on notice of the defendants' challenge to service, to make the subject motion to extend the time to serve the defendants (see JPMorgan Chase Bank, N.A. v Malik, 238 AD3d at 1016-1017; JPMorgan Chase Bank, N.A. v Gluck, 195 AD3d 904, 906). In light of the plaintiff's substantial delay in seeking an extension of time to serve the defendants after having been put on notice of the defendants' challenge to service and after the court's determination that service was improper, the plaintiff failed to demonstrate that an extension of time to serve Mark Barasch was warranted in the interest of justice (see JPMorgan Chase Bank, N.A. v Gluck, 195 AD3d at 906).
The parties' remaining contentions are either without merit or not properly before this Court.
DUFFY, J.P., WOOTEN, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court